IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| EDWARD G.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-CV-00038-BP |
| | § | |
| ANDREW M. SAUL, COMMISSIONER | § | |
| OF SOCIAL SECURITY,[2] | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER AND OPINION**

Pursuant to 42 U.S.C. § 405(g), the plaintiff seeks judicial review of the decision of the Commissioner of Social Security, who denied his application for supplemental security income under Title XVI. The Senior United States District Judge reassigned this case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties have unanimously consented to the jurisdiction of the United States Magistrate Judge. (Doc. 14). After considering the pleadings, briefs, and administrative record, this Court vacates the decision of the Commissioner and remands the case for further administrative review.

**I. STATEMENT OF THE CASE**

Plaintiff filed an application for SSI on March 26, 2012, alleging impairments that were disabling as of April 15, 2004. That application was denied initially and after reconsideration. The

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies the Plaintiff only by first name and last initial.

[2] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).Title II governs disability insurance benefits. *See* 42 U.S.C. §§ 401-34.

1

plaintiff requested a hearing, which was held before an Administrative Law Judge on July 18, 2013. A second hearing was scheduled for May 1, 2014 after a consulting examination was recommended during the first hearing. However, an expected medical expert did not appear, and so the ALJ held a third hearing on July 18, 2014 with an impartial medical expert and a vocational expert. The ALJ issued a decision on September 20, 2014 finding plaintiff was not disabled, but the Appeals Council reviewed and then remanded the case to the ALJ for further testimony from a consulting examining physician. The ALJ held another hearing on August 31, 2016, with appearances from a vocational expert, the consulting examiner, the plaintiff, and a non-attorney representative for the plaintiff. The ALJ then issued a decision on May 17, 2017 finding plaintiff not disabled.

Specifically, the ALJ found during step one that the plaintiff had not engaged in substantial gainful activity after the application date. (Doc. 13-1, 18). At step two, the ALJ found that he had the severe impairments of a history of hepatitis C, cirrhosis of the liver, amputation of (non-dominant) left hand at the wrist, and obesity. *Id.* In the third step, the ALJ found those severe impairments did not meet and were not equivalent to any listed impairments. (Doc. 13-1, 20). The third step analysis continued with the ALJ determining the claimant retained the residual functional capacity to perform light work with limitations on climbing ramps and stairs, balancing, stooping, kneeling, crouching, crawling, climbing ladders, ropes and scaffolds, reaching to work above his head, and handling and feeling with his (amputated) left hand. (Doc. 13-1, 21). Those restrictions led the ALJ to determine at the fourth step that the plaintiff could not return to a previous job, but that there are jobs in the national economy he could perform. (Doc. 13-1, 26-27). The ALJ therefore determined that the plaintiff was not under a disability between the application date and the date the decision was issued. (Doc. 13-1, 28).

The plaintiff then applied again to the Appeals Council, which denied review on January 17, 2018. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, the plaintiff was 49 years old and living in a group home at the time of the final administrative hearing. He had employment history in maintenance and janitorial work. He believes his physical impairments render him disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [they are] disabled through the first four

3

steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

The plaintiff alleges the RFC assessed by the ALJ is unsupported by substantial evidence because it does not sufficiently incorporate all limitations assessed by acceptable medical sources. The plaintiff first argues that there is no evidence provided by an acceptable medical source indicating he can "use his left arm as a guide or support" as asserted by the ALJ in the RFC. While

it is true that the ALJ does not cite or quote a physician stating that the plaintiff can use his arm in this way, he does discuss testimony and evidence from acceptable medical sources that the plaintiff is capable of medium work and able to move, life, carry, and handle objects even with only one hand. (Doc. 13-1, 24-26). While the Commissioner states that the "ALJ's hypothetical question to the vocational expert (VE) included Plaintiff's inability to use his left arm[,]" the actual hypothetical question included no use of his (absent) left hand, but did state that "the [left] arm can be used as a support or a guide[.]" (Docs. 20, 6; 13-1, 60).

The Commissioner argues that the RFC is an appropriate synthesis of the available evidence. (Doc. 20, 5). However, "the Commissioner must show that there is other substantial work in the national economy that the claimant can perform" after finding a claimant cannot return to past relevant work. *Audler*, 501 F.3d at 448. Thus, the duty is on the Administration to show there are other available jobs a claimant can perform at the fifth step. *Id.* This is commonly done by articulating the hypothetical question to the VE to determine which jobs a person with the specific abilities and deficits of the claimant might successfully perform. However, here the hypothetical question includes a capacity which is not tied to any acceptable medical opinion by the ALJ.

Rather than point to a medical record indicating such capability, the Commissioner argues that any error is harmless because "it is inconceivable that a different administrative conclusion would have been reached absent the error." (Doc. 20, 8) quoting *Bornette v. Barnhart*, 466 F. Supp. 2d 811 (E.D. Tex. Nov. 28, 2006). The Commissioner claims such a different conclusion is inconceivable because the claimant has worked at other jobs post-amputation and stopped working at his most recent job because of incarceration and not inability to perform the required tasks. (Doc. 20, 6). However, the Commissioner does not provide evidence—or even argue—that his condition is unchanged or substantially similar to these earlier employments. The amputation of

5

his hand is one of four impairments classified as severe by the ALJ, and the Commissioner offers no argument that those impairments in combination would never result in a disability determination. If anything, the Commissioner argues that the plaintiff did not carry his burden of showing an inability to return to past relevant work, but the ALJ disagrees with that assessment. (Doc. 13-1, 26). The Commissioner bears the burden to show that there are jobs which a claimant can perform, and the mechanism used in this case to do so incorporated unsubstantiated conclusions about the Plaintiff's capacity to use his left arm.

## V. CONCLUSION

Although "[p]rocedural perfection in administrative proceedings is not required[,]" the imperfections in this case resulted in VE testimony that may not have been entirely applicable given the plaintiff's condition, and on which the ALJ explicitly relied. *Audler* 501 F.3d at 448. It is therefore **ORDERED** that the decision of the Commissioner of Social Security is **VACATED,** and this case is **REMANDED** for further administrative review.

**SO ORDERED.**

Dated September 3, 2019.

                                                                       _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE